**BEAR REPUBLIC BREWING CO., Plaintiff,**

v.

**CENTRAL CITY BREWING CO., Defendant.**

**Civil Action No. 10–10118–RBC.**

United States District Court, D. Massachusetts.

Aug. 23, 2012.

Zachary N. Coseglia, DLA Piper U.S. LLP, Boston, MA, Gina L. Durham, DLA Piper LLP (US), Chicago, IL, Bruce E. Falby, Paul S. Ham, DLA Piper LLP (US), Boston, MA, Deborah E. McCrimmon, DLA Piper U.S. LLP, San Francisco, CA, Eugene M. Pak, Wendel, Rosen, Black & Dean, LLP, Oakland, CA, for Plaintiff.

Julia Huston, Anthony E. Rufo, Foley Hoag LLP, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER ON MOTION FOR CIVIL CONTEMPT RE VIOLATION OF CONSENT PERMANENT INJUNCTION, ENFORCEMENT OF INJUNCTION AND DECLARATORY RELIEF (# 164)

COLLINGS, United States Magistrate Judge.

On September 1, 2011, pursuant to the parties' settlement of this case, the Court entered a Consent Permanent Injunction (# 159)("the injunction"); paragraph 2 of the document reads as follows:

2. After December 31, 2011, Central City shall not sell, ship, or caused to be shipped beer bearing the RED RACER mark into the United States, or otherwise use or register any mark containing the word RACE, RACER, or any variation, derivation or foreign equivalent of these terms, including but not limited to RACY, RACEY, RACING or any word (included invented words) that rhymes with or looks like or sounds confusingly similar to these terms, as a trademark for beer or any beverage in the United States. Central City further agrees that it will not use or register any mark containing the word ROCKET or RED ROCKET, or any variation, derivation or foreign equivalent of these terms.

# 159 at p. 2.

In the Stipulated Dismissal (# 163) entered September 23, 2011, the Court retained jurisdiction over the injunction.

The plaintiff, Bear Republic Brewing Company ("Bear Republic"), alleges that the defendant, Central City Brewing Co. ("Central City"), violated paragraph 2 of the injunction and seeks a finding of civil contempt and:

...an Order declaring that any shipment of RED RACER brand beer into or use of the RED RACER mark by Central City Brewing in the United States, including if shipped for purposes of entering beer and beer cans in competitions or festivals held in the United States, is a violation of the Injunction.

# 164 at p. 1.

Bear Republic also seeks "sanctions and its attorneys' fees and costs, and other relief as justice so requires." (# 164 at p. 1)

The facts are largely undisputed. The Brewers Association's annual Craft Brewers Conference ("the conference") was held in San Diego in May 2012; the conference is held every year at some location in the United States and is sponsored by the Brewers Association of Boulder, Colorado. Central City, as it has in the past, entered several of its beers into the com-

petition, including RED RACER ESB, RED RACER IPA, and RED RACER Pale Ale. In accordance with the rules of the competition, the beer had to be brought into the United States and delivered to the competition. The beer had to be submitted in 650 millimeter bottles with the name of the brewery, the beer name, and the category on a label on the front of the bottles. This procedure was followed with respect to each of the three bottles that contained beer which was identified on the label as "RED RACER". At the end of the competition. RED RACER ESB won a medal.

■ At the conference, Gary Lohin, Central City's Brewmaster, was found to be wearing a RED RACER t-shirt. In addition, Central City entered three of its beer cans in the so-called "Canny" competition at the conference. One of the cans was a RED RACER Winter Ale can. The can was shipped to the United States empty.

To prove civil contempt, a movant must show that (1) the alleged contemnor had notice of the order, (2) 'the order was clear and unambiguous,' (3) the alleged contemnor 'had the ability to comply with the order,' and (4) the alleged contemnor violated the order. *United States v. Saccoccia,* 433 F.3d 19, 27 (1st Cir.2005) (internal quotation marks omitted). As noted, the movant must make this demonstration with clear and convincing evidence. *See, e.g., Islamic Inv. Co. of the Gulf (Bah.) Ltd. [v. Harper]*, 545 F.3d [21] at 25 [ (1 Cir., 2008) ]; *Saccoccia,* 433 F.3d at 27.

*Hawkins v. Department of Health and Human Services for New Hampshire, Comr.,* 665 F.3d 25, 31 (1 Cir., 2012) (footnote omitted).[1]

■ Applying these elements, the Court finds that the acts of which Bear Republic complains were, in fact, violations of the injunction. The first and third elements are not at issue, since Central City had notice of the injunction and could have complied.

As to the second element, the beer shipped into the United States in the 650 millimeter bottles labeled "RED RACER" was an act whereby Central City did, in fact, "... ship, or cause to be shipped beer bearing the RED RACER mark into the United States." The entry of the can and the wearing of the t-shirt were acts which constituted the "use ... of any mark containing the word ... RACER ... as a trademark for beer ... in the United States." The display of RED RACER on the t-shirt and the can was the use of the RED RACER mark as a trademark for its beer. The Court finds the injunction clear and unambiguous in this respect.

As to the fourth element, the Court finds that Central City violated the injunc-

1.

The absence of wilfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey specified provisions of the statute. An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently.
*McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949) (internal citations and footnote omitted); *Star Financial Services, Inc. v. AASTAR Mortg. Corp.,*' 89 F.3d 5, 13 (1 Cir., 1996) ("good faith, or the absence of willfulness, does not relieve a party from civil contempt in the face of a clear order."); *Morales–Feliciano v. Parole Bd. of P.R.,* 887 F.2d 1, 5 (1 Cir., 1989), *cert. denied,* 494 U.S. 1046, 110 S.Ct. 1511, 108 L.Ed.2d 646 (1990).

tion. Central City argues that it entered the beer and the can in the competition and that Mr. Lohin wore the t-shirt at the conference without ever thinking that these acts would violate the injunction; it perceived the injunction as dealing with commercial sales of RED RACER beer. As to the latter point, the injunction is clearly not limited to the sale or shipment of RED RACER beer into the United States through commercial channels. As to the first point, Central City had every reason to know that use of the RED RACER mark in such trade shows and contests would be a violation of the injunction. Specifically, in paragraph 3 of the injunction, it is provided that:

> Central City shall cease referring to RED RACER as the former name for its beer in the United States by no later than June 30, 2012, provided, however that in referring to awards it has won in the past or in other countries, Central City may note by parenthetical or footnote that the name of the beer at the time of the award was RED RACER. Notwithstanding the above, Central City shall not refer to RED RACER as the former name for its beer on any beer container (e.g., cans, bottles, kegs) or beer container packaging (e.g., cartons, tray cases).

It would seem obvious that since the injunction allowed the use of the mark RED RACER "in referring to awards it has won in the past," it would not be contemplated that, in the face of the injunction, beer or cans bearing the RED RACER mark could be entered into *future* competitions in the United States.[2] In short, Central City has little basis for claiming to have been blind-sided by Bear Republic's motion for contempt.[3]

The determination of an appropriate sanction shall await Bear Republic's filing of an application for attorneys' fees and costs incurred in prosecuting the motion for contempt together with the underlying documentation supporting any fees or costs claimed. Counsel for Central City shall have fourteen (14) days after the filing to file its response/opposition. Thereafter, the Court shall enter a judgment.

---

**2.** The Court construes the phrase "in the past" as what happened before the entry of the injunction on September 1, 2011 and uses the phrase "in the future" as to events occurring after that date.

**3.** For this reason, the Court shall not exercise its discretion to decline to make a finding of civil contempt on the basis that Central City has been "substantially compliant" with the terms of the injunction. *AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1 Cir., 2001).